**UNITED STATES DISTRICT COURT FOR MARYLAND**

MAY 07 2021

| | |
|---|---|
| Tamieka S. Goode<br>2105 N Pulaski Street<br>Baltimore, MD 21217<br>   Plaintiff, | Civil Action:<br><br>Violation of Fair Credit Reporting Act<br>15 U.S.C 1681 ET SEQ. |
| EQUIFAX INFORMATION SERVICES<br>1550 Peachtree Street NE<br>**Atlanta, GA 30309**<br>   Defendant, | **JURY TRIAL DEMANDED** |

## Introduction

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking systems. Congress enacted the Fair Credit Reporting Act 15 U.S.C. 1681 et seq (FCRA) to ensure fair and accurate reporting, promote efficiency in the banking system, and to protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies and data furnishers exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consume reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers".

2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry desires to base credit decisions on accurate information, and consumers substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumers fidelity to his or her financial obligations.

3. Tamieka S. Goode ("Plaintiff") brings action to challenge the actions of EQUIFAX INFORMATION SYSTEMS.

4. Defendant failed conduct reasonable investigations with respect to the information disputed by Plaintiff and continues to report inaccurate information on her credit report. Plaintiff seeks actual damages, statutory, and punitive damages cost.

## Jurisdiction and Venue

5. Jurisdiction of this court is proper pursuant to 28 U.S.C 1331, 15 U.S.C. 1681, and 15 U.S.C 1962k.

6. Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(2) because conduct at issue occurred in this District, and Defendant conducts business in this District.

## PARTIES

7. Plaintiff, Tamieka S. Goode( hereinafter "Plaintiff") is a natural person who resides in Baltimore City, State of Maryland, and is a "consumer" as that term is defined by 15 U.S.C 1681 (a) and 15 U.S.C 1692a(3).

8. Defendant, EQUIFAX INFORMATION SYSTEMS., (hereinafter "Defendant", is a corporation doing business in the State of Maryland.

9. Defendant EQUIFAX INFORMATION SYSTEMS regularly assemble and or evaluates consumer credit information for the purpose of furnishing consumer report to third parties and uses interstate commerce to prepare and of furnish the reports.

10. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. 1681 a(f), doing business with its principal place of business in Georgia.

## FACUTAL ALLEGATIONS

11. On or about July 2019 Plaintiff viewed her credit report and learned there was inaccurate accounts being furnished on her consumer credit report for the Department of Education in the amount of $38,277.00, a collection account for National Credit Systems in the amount of $13,910.00, and a charged off account for Thrift Investment that reflected a $0 balance.

12. As a result, the Plaintiff mailed several written dispute letters to Equifax, wherein she advised in each dispute that the Statute of Limitations for the Student Loan to report had expired. The FCRA only allows consumer reporting agencies to report civil suits, judgements, arrest records, and other adverse information that predates the seven years or fewer with the clock starting as soon as the information is filed or entered into record.(see exhibit C)

13. As a result, the Plaintiff mailed several written disputes to Equifax, wherein she disputed the validity of the collection account National Credit Systems. The Plaintiff requested an investigation and a method of verification regarding this account pursuant to the Fair Credit Reporting Act 15 U.S.C 1681.

14. As a result, the Plaintiff mailed several written disputes to Equifax, wherein she disputed the validity of the Thrift Investment account. The Plaintiff believed that this account was a result of identity theft.

15. On or about March 2, 2021 as a final attempt to resolve this matter and to support Plaintiffs claims the Plaintiff provided Equifax and the named lawyer Alexa R. DiCunzolo on the. previous case (case number 010100138272020) with the original contract as evidence that the allowable time frame allowed to report this account has expired. (see exhibit A)

16. On or about March 2, 2021 as a final attempt to resolve this matter and to support Plaintiffs claims the Plaintiff provided Equifax and the named lawyer Alexa R. DiCunzolo on the previous case (case number) a copy of the identity theft affidavit for the account Thrift Investment pursuant to the FTC (see exhibit B)

17. As a result, the Plaintiff was contacted by Equifax Information System lawyer Mr. Rodney Lewis. What was supposed to be a settlement call with Equifax was scheduled for Tuesday April 6 ,2021 at 2:30 p.m.

18. On April 6, 2021 the Plaintiff, Mr. Lewis and an Equifax representative discussed the inaccurate reporting of the Department of Education, Thrift Investment, and National Credit System. At the end of the call Plaintiff was informed by Mr. Lewis that she would be receiving an update within 3-5 days.

19. On or about April 24th the Plaintiff by email reached out to Mr. Lewis for an update regarding the settlement call because the stated 3-5-day time frame to receive an update from Mr. Lewis had passed. (see exhibit D)

20. On or about April 24th the Plaintiff by email received a response from Mr. Lewis stating that he had a follow up call with Equifax and that I would have news by the upcoming Tuesday.

21. On or about April 29th Plaintiff by email reached out again to Mr. Lewis for another update because the stated time frame to receive an update on Tuesday had passed.

22. On or about April 29th the Plaintiff by email received an update from Mr. Lewis. In that email Mr. Lewis stated that the Thrift Investment account was off my consumer report but to resolve the Department of Education and National Credit System account Equifax requested that I provide them any document showing the balance I believe is owed on the collection account and any document that I have showing that the Department of Education garnished my tax return in full satisfaction of the outstanding debt. Mr. Lewis suggested that we schedule another call to discuss. (see exhibit

23. On or about April 29th the Plaintiff by email rejected Mr. Lewis suggestion to schedule another call to discuss the ongoing matter. At that time, the Plaintiff informed Mr. Lewis that she would proceed with filing a complaint and legal remedy.

24. On or about April 29th the Plaintiff by email received a response from Mr. Lewis stating that "from a practical perspective if I cannot provide that information now it will be required at trial, Why not send it now so we can remove those accounts. " You have my word I will stay on Equifax until they are removed".(see Exhibit

25. Defendant caused Plaintiff to expend time and resources to defend herself and vindicate her rights.

26. Defendant cause Plaintiff to suffer reduced credit, emotional distress, embarrassment, frustration and anxiety.

27. Defendant cause Plaintiff to de denied credit with Quicken loans. The Plaintiff applied for a mortgage loan .

### Equifax Violations

28. Equifax was required to conduct an investigation into the disputed accounts pursuant to 15 U.S.C 1681i.

29. Equifax was required to provide, a method of verification as requested by the consumer pursuant to 15 U.S.C 1681.

30. Equifax was required to review all supported documentation provided in relation to disputes pursuant to 15 U.S.C. 1681.

31. Equifax failed to comply with its obligation to provide the Plaintiff with results of any "reinvestigation of a dispute pursuant to 15 U.S.C. 1681i(a)(6).

32. Equifax failed to provide support or evidence of its claim that the disputed claims are valid and reporting accurately.

33. Equifax failed to conduct a reasonable investigation pursuant 15 U.S.C. 1681i(a).

### First Cause of Action Violation of the Fair Credit Reporting Act 15 U.S.C 1681 ET SEQ. (FCRA)

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C 1681.

36. As a result each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C 1681n(a)(1); statutory damages pursuant to 15 U.S.C 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C 1681n(a)(2).

37. As a result of each and every negligent non-compliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. 1681o(a)(1).

### Trial by Jury

38. Plaintiff demands a trial by jury.

### Prayer for Relief

39. Plaintiff respectfully requests that the Court grant Plaintiff the following relief against Defendant.

### First Cause of Action Violation of the Fair Credit Reporting Act 15 U.S.C 1681 ET SEQ (FCRA)

a. An award for actual damages and statutory damages against Defendant for its violation of the FCRA pursuant to 15 U.S.C 1681n and 1681o.

b. An award of punitive damages against Defendant for their will noncompliance with the FCRA pursuant to 15 U.S.C 1681n;

c. An award of actual damages from Defendant, pursuant to 15 U.S.C 1692k(a)(1);

d. An award of statutory damages of $5,000 from Defendant, pursuant to 15 U.S.C. 1692k(a)(2)(a)

e. Deletion of inaccurate account Department of Education

f. Deletion of inaccurate account National Credit Systems.

g. Any other further relief the Court may deem just and proper.

Dated: May 4, 2021

Respectfully submitted,

Without Prejudice

Tamieka S. Goode
2105 N Pulaski Street Baltimore, MD 21217
Tsgoode23@gmail.com
Telephone: 410-564-8273